IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Lionel Constance, Jr., *individually and as father and next friend of L.G.C. a minor child*,<br><br>    Plaintiff,<br><br>vs.<br><br>South Carolina Department of Social Services, Edward Moore, John Does 1-25,<br><br>    Defendants. | C/A No. 6:26-cv-00196-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the plaintiff's motion for a temporary restraining order ("TRO") and a preliminary injunction (doc. 4). The plaintiff, proceeding *pro se* brings this action regarding custody of minor child L.G.C. (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

    The plaintiff's complaint was entered on the docket on January 21, 2026 (doc. 1). With his complaint, the plaintiff filed a motion for a TRO and for a preliminary injunction (doc. 4). The plaintiff seeks the issuance of the TRO/preliminary injunction based on the matters asserted in the complaint, that his rights are being violated in South Carolina Family Court proceedings because the defendants have a minor child, L.G.C., in their custody without lawful authority (*id*. at 2). The plaintiff further contends that L.G.C. is an individual with a disability under the Americans with Disabilities Act ("ADA") and that the defendants are not properly providing for the disabilities of L.G.C. as required by the ADA (*id*.). For relief, the plaintiff seeks to enjoin the defendants from exercising custody of L.G.C.; an order

requiring the defendants to provide the proper disability accommodations for L.G.C.; an order prohibiting retroactive foster care designations by the defendants to support their continued custody of L.G.C.; an order allowing the plaintiff to participate in medical, therapeutic, and educational decision making for L.G.C. (and receive a copy of all applicable records); and an order requiring the defendants to present the plaintiff as a "fit non-offending parent" in whose custody L.G.C. can be placed (*id*. at 3). As addressed below, the undersigned recommends that the plaintiff's motion be denied.

A plaintiff seeking a TRO or a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

Upon review, the plaintiff's motion for a TRO should be denied because he has not shown that he is likely to succeed on the merits of his claim. First, as noted in the proper form order filed herewith, as a parent, the plaintiff cannot bring claims *pro se* on behalf of L.G.C. unless he is an attorney licensed to practice in South Carolina. *See Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400–01 (4th Cir. 2005) (noting that although an

individual has the right to represent himself/herself by statute—28 U.S.C. § 1654—that right does not "create a coordinate right to litigate for others" as well as that "non-attorney parents generally may not litigate the claims of their minor children in federal court"). As such, any claims brought on behalf of L.G.C. (including ADA claims) cannot be pursued by the plaintiff in this matter *pro se* – meaning that he is not likely to succeed on the merits of these claims. Further, the plaintiff's claims brought on his own behalf under § 1983 are not likely to succeed on the merits (even aside from abstention doctrines outlined below) because he has not made personal allegations of wrongdoing with respect to *individual* defendants.[1] For example, SCDSS may not be sued pursuant to § 1983 because it is not a person and because it is entitled to Eleventh Amendment Immunity. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (noting that only "persons" may act under color of state law for purposes of a § 1983 claim); *see also Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); S.C. Code Ann. § 15-78-20(e) (noting that the State of South Carolina has not consented to suit in federal court). Further, the plaintiff's complaint contains no personal allegations of wrongdoing against Dir. Moore, so the plaintiff has not shown that he is likely to succeed on the merits of his claims against Dir. Moore either. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement").

In addition to the foregoing, the plaintiff has not shown that he is likely to succeed on the merits of his claims based on abstention doctrines. For example, presuming, *arguendo*, that family court proceedings remain ongoing, the Court should

---

[1] The plaintiff names "John Does 1-25" as defendants; however, his complaint contains no allegations regarding the actions taken by these individuals; thus, he has failed to show he is likely to succeed on the merits of his claims even when considering them as against these defendants. Indeed, it may be that some of the individuals included as John Does are individuals involved with events that occurred when children were removed from their grandparent's house in Pennsylvania where they were located with their parents (*see* doc. 1 at 3). The court would not have jurisdiction over the Pennsylvania individuals or the events that occurred there.

3

abstain from interfering with them under *Younger*. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* abstention may apply in noncriminal proceedings when three elements are met:  (1) ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Brown-Thomas v. Hynie*, 441 F. Supp. 3d 180, 219 (D.S.C. 2019) (citing *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 28 F.3d 1392, 1398 (4th Cir. 1994)). Here, the plaintiff's complaint and motion, as noted above, seek damages and injunctive relief relating to family court proceedings involving L.G.C. (*see* docs. 1; 4). Thus, it appears that there are state proceedings ongoing at this time, satisfying the first criterion. The second criterion is met because the state has an important interest in domestic relations involving a parent and child – and jurisdiction has been held to be exclusive to the state courts on matters involving domestic relations. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (noting that under the domestic relations exception "divorce, alimony, and child custody decrees remain outside federal jurisdictional bounds" (internal citation and quotation marks omitted)). Third, the plaintiff has the ability to raise his objections to custody determinations involving L.G.C. in the South Carolina Family Court proceedings as well as in the South Carolina appellate courts. The plaintiff has also failed to allege "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). As such, *Younger* abstention applies to the plaintiff's claims, meaning he has not shown that he is likely to succeed on the merits of his claims for purposes of his motion for a TRO or a preliminary injunction.

4

Even presuming, *arguendo*, that South Carolina family court proceedings involving L.G.C. have ended, the plaintiff has not shown he is likely to succeed on the merits of his claims because of the *Rooker-Feldman* doctrine. The *Rooker-Feldman*[2] doctrine is jurisdictional and may be raised by the Court *sua sponte*. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). "[T]he Rooker-Feldman doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). The *Rooker-Feldman* doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings *concerns federal constitutional issues*; instead, only the United States Supreme Court may review those state-court decisions. *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257) (emphasis added); *Davani*, 434 F.3d at 719 (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, C/A No. 3:08-cv-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, the plaintiff has met the four factors identified recently by the Fourth Circuit for evaluating the application of the *Rooker-Feldman* doctrine – he was a state court loser, he complains in this court that he has been injured because of custody orders issued in the South Carolina family court, the orders in question were issued before the plaintiff filed this action,

---

[2] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

5

and he seeks to have this court invalidate orders issued by the South Carolina family court. *Rooker-Feldman*. *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 350 (4th Cir. 2025). Further, as noted above, the plaintiff may not circumvent the *Rooker-Feldman* bar by attempting to frame his challenge to South Carolina family court orders as constitutional claims. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (noting that a plaintiff "may not escape the jurisdictional bar of *Rooker-Feldman* by merely fashioning its attack on the state court judgments as a § 1983 claim")). Accordingly, the plaintiff's claims also appeared barred by the *Rooker-Feldman* doctrine, meaning that he has not shown that he is likely to succeed on the merits of his claims. The plaintiff has also failed to allege irreparable harm if injunctive relief is not granted – making only vague and conclusory assertions of emotional distress. As such, based on the foregoing, the plaintiff's motion should be denied.

## **RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for a temporary restraining order and a preliminary injunction (doc. 4) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

January 23, 2026
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).